*Baker* for the plaintiff, *Brent* & *Fennessy* for the defendant.

---

## REYNOLDS vs. BUFORD.

APPEAL from the court of the fifth district.

MARTIN, J. delivered the opinion of the court.[*] The plaintiff sues as endorsee, and the defendant urges that he was guilty of such latches in giving notice of the nonpayment of the note, as discharged the endorser. The district court thought otherwise, gave judgment for the plaintiff, and the defendant appealed.

*If the endorser resides at the distance of six miles, three or four days are too great a delay, in giving him notice.*

The note is dated on the 10th of January, 1819, and payable on demand. About the 20th of April, 1820, the plaintiff and defendant being in New-Orleans, and the maker of the note on his way there with a quantity of cotton, the defendant endorsed the note to the plaintiff. On the arrival of the maker soon after, the plaintiff made a demand, and vainly endeaed to procure payment. Both the maker and the defendant, being returned in the mean

[*]PORTER, J. did not join in this opinion, having been of counsel in the cause.

West'n District,
*Aug.* 1824.

REYNOLDS
*vs.*
BUFORD.

while to their respective residences in the parish of St. Mary's, the plaintiff caused a protest of the note, on the 19th of May following, and not exceeding *three* or *four days* after, notice was given to the defendant.

The plaintiff, on receiving the defendant's endorsement incurred the obligation of exercising all the diligence which the law imposes on an endorsee. The circumstances of the note being payable on demand, and of its being of long standing, do not take the case out of the general rule. So "where a note was endorsed five years after it became due, it was held that notice was to be given as in ordinary cases." 2 *Johnson*, 121.

The defendant's residence was distant six miles only from that of the maker's, and the plaintiff's agent, by withholding the notice three or four days, in our opinion, failed to comply with the requisites of the law. *Hill* vs. *Martin*, 12 *Martin*, 177.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant for costs in both courts.

*Brownson* for the plaintiff, *Lesassier* & *Baker* for the defendant.